## LEARD *et al.* v. ASKEW.

No. 662.   Opinion Filed January 10, 1911.

Rehearing Denied March 21, 1911.

(114 Pac. 251.)

WILLS—Revocation—Subsequent Will Defectively Executed. Though the subsequent will contains a clause expressly revoking the earlier will, yet, if such subsequent will is defectively executed, the revocatory clause will not take effect.

(Syllabus by the Court.)

*Error from District Court, Choctaw County; D. A. Richardson, Judge.*

Action by J. N. Leard and T. W. Tyler against E. R. Askew. Judgment for defendant, and plaintiffs bring error. Affirmed.

*T. O. Nelson,* for plaintiffs in error.

*Howe & Stanley,* for defendant in error.

KANE, J. The question in this case arose out of the ruling of the court below upon a protest filed by the plaintiff in error against the probate of the last will and testament of Elija Woods, deceased. Said plaintiff in error's protest was based "upon the ground and for the reason that the same [the will offered for probate] was revoked by the said Elija Woods by a subsequent will by him executed on the 3d day of October, 1906, in which said will he canceled and revoked the will herein presented to the court by Sarah Ellen Woods, his executrix." The court below overruled the protest, and this proceeding was commenced to review this action.

It is admitted that there was a will subsequent in date to the will offered for probate, which will contained a clause "revoking all former wills by me at any time heretofore made," and that said last will was void, and not entitled to probate. The contention of counsel for plaintiff in error is that, on account of defective execution, the revocation clause is effectual, although in other respects the will is invalid.

We do not believe this contention can be sustained. In 30 A. & E. Enc. of Law, 625, the rule is stated as follows:

"A subsequent will containing a clause revoking an earlier will must, as a general rule, be admitted to probate before the clause of revocation can have any effect, and the same kind, quality, and method of proof is required for the establishment of the subsequent will as was required for the establishment of the former will."

A great many authorities are cited in support of the text. In the same volume, page 624, it is said that, "though the subsequent will contains a clause expressly revoking the earlier will, yet, if such subsequent will is defectively executed, the revocatory clause will not take effect." *Youse v. Forman,* 5 Bush. (Ky.)

338; *Semmes v. Semmes,* 7 Har. & J. (Md.) 388; *Dudley v. Gates,* 124 Mich. 440, 83 N. W. 97, 86 N. W. 959; *Wilbourn v. Shell,* 59 Miss. 205, 42 Am. Rep. 363; *Jackson v. Holloway,* 7 Johns. (N. Y.) 394, are cited in support of the text.

Counsel for plaintiff in error bases his contention upon section 6494 of chapter 155, Mansfield's Digest of Arkansas (Ind. T. Ann. St. 1899, § 3566), which was in force in the Indian Territory at the time the wills were executed. No Arkansas or Indian Territory cases are cited construing the section referred to. On examination we find it practically the same as the statute in relation to revocation in force in the state of New York, and the New York courts have construed it in harmony with the text of the Enc. of Law above quoted. Other cases holding the same way are: *Reese v. Probate Court of Newport,* 9 R. I. 434; *Bethel v. Moore,* 19 N. C. 311; *Hollinghead v. Sturgis,* 21 La. Ann. 450; *McClure v. McClure,* 86 Tenn. 179, 6 S. W. 44.

Finding no error in the record, the judgment of the court below is affirmed.

All the Justices concur.