## JAMES *against* MARVIN and others.

*June 29.*

Where a person having made a will, afterwards made another will, containing a clause *expressly revoking* the former will ; after which he destroyed the second will, and died, leaving the former will uncancelled ; it was held, that such clause, *proprio vigore,* operated instantaneously, to effect a revocation ; and that, consequently, the destruction of the second will did not set up the former one.

This was an appeal from a decree of the court of probate, establishing the will of *Peter James,* deceased, made in *April,* 1819.

This will was executed and published according to law. In the month of *May* following, the testator made and published another will, in which there was a clause inserted, expressly revoking all former wills ; but he did not cancel or destroy the first will, nor revoke it, in any other way than by making the last-mentioned will containing such clause of revocation. In the month of *June* following, he voluntarily burnt and destroyed his second will, and died, leaving his first will in its original state. A case containing these facts, was reserved for the consideration and advice of all the Judges.

*Sherman* and *Bissell*, for the appellants, contended, That the first will was not set up, by the destruction of the second will ; because the clause in the second will, *expressly revoking* the first, was a substantive act, operating instantly to render the first will incapable of taking effect, otherwise than as a new will, by force of a re-publication. *Pow. Dev.* 551., *Burtenshaw* v. *Gilbert, Cowp.* 49., *Weed* v. *Hanford, cor.* superior court, *Fairfield* county. They distinguished between an *express* and an *implied* revocation ; admitting, that a second will revoking the first by *implication* only, if it failed of taking effect *as a will*, could have no operation at all. *Goodright* d. *Glazier* v. *Glazier*, 4 *Burr.* 2512.

*N. Smith* and *Sherwood*, for the appellees, contended, That the second will was *ambulatory* until the death of the person making it, whether it contained an express clause of revocation or not. No will begins to operate until the death of the testator. Express and implied revocations in a subsequent will, are alike declarations of *an intention to revoke ;* and the destruction of the subsequent will, in each case, before it has taken effect as a will, puts that intention out of the way, so that the first will, at the death of the testator, is left upon the same footing as when it was first made. A contrary doctrine would involve this absurdity, that after the deliberate destruction of a will, by the person who made it, there would still remain one clause of it *in full force.* Such a position is no less repugnant to decided cases, than to principle and common sense. *Onions* v. *Tyrer,* 1 *P. Wms.* 343., *Goodright* d. *Glazier* v. *Glazier,* 4 *Burr.* 2512., *Pow. Dev.* 631., *& seq.*

HOSMER, Ch. J. If the will of *Peter James,* made in *May,* 1819, were in existence, the clause of express revocation, would, undoubtedly, revoke the prior will, now in question. The only enquiry before the court, is, whether the destruction of the latter will containing the revoking clause, has revived the former.

An express revocation, is a positive act of the party, which operates, by its own proper force, without being at all dependent on the consummation of the will in which it is found, and absolutely annuls all precedent devises. This principle was settled in *Burtenshaw* v. *Gilbert, Cowp.* 49.; and in *Weed* v. *Hanford,* in *Fairfield* county, it was adopted by the superior

*Fairfield,*
June,
1821.

James
*v.*
Marvin.

*Fairfield,*
*June,*
*1821.*

James
*v.*
Marvin.

court.    The case of *Boudinot* & al. exrs. v. *Bradford*, 2 *Dall.* 266., contains an explicit recognition of the principle. " Where a second will is made," (said *McKean*, Ch. J.) " containing an express clause of revocation, the preceding will, though not formally cancelled, is revoked."    And *Powell*, in his essay upon *Devises*, asserts, (*vide* p. 551.) that " If a prior will be made, and then a subsequent one expressly revoking the former, in such case, although the first will be left entire, and the second will afterwards cancelled, yet the better opinion seems to be, that the former is not thereby set up again."    The reason has been already assigned.    It is because an express revocation is a positive act of the party, independent of the will which may happen to contain it, and operating instantaneously, and *per se*.    As a clear consequence resulting from this principle, all prior wills are recalled or reversed,—the proper meaning of the word, *revoked*,—and must remain in this condition, until revived, by republication.    By this method, every devise, not actually obliterated and destroyed, may be brought to life ; and this is entirely adequate to the exigencies of the case.    A deed of revocation, separate from a will, has the effect of annulling a prior will, instantaneously ; and the operation is the same, whether the revoking clause be in a deed or will ; for it is never a necessary part of the latter.

The implied revocation of a will, by one made subsequently, with different devises and bequests, rests on a different foundation.    The revocation effected by *a will* merely, is not instantaneous—but ambulatory, until the death of the testator ; for although, by making a second will, the testator intends to revoke the former, yet he may *change* his intentions, at any time before his death ; (*Pow. Dev.* 549.)    and this was the case of *Goodright* d. *Glazier* v. *Glazier*, 4 *Burr*, 2512. But, a clause of express revocation is something more than a declared intention ; it is an act, consummated, by the execution of the deed, or will, in which it is contained, and operating immediately.

The case of *Onions* v. *Tyrer*, 1 *P. Wms.* 343., on which much reliance has been placed, has no bearing on the matter in question.    No will can operate to revoke a former will, although it contain a clause of express revocation, unless it be executed with all good and legal solemnities ; and the above

case was determined on the ground, that the last will was not duly executed.  *Pow. Dev.* 631. 633.

By the express revocation, the will in question was destroyed ; and never having been revived by re-publication, it is of no legal validity.

The other Judges were of the same opinion.

Decree of Probate to be disaffirmed.