FRANCIS B. WALLIS *vs.* GEORGE F. A. WALLIS.

When a will revoking a former will is in existence, it must be established in the Probate
Court; but when it has been lost or destroyed, and its contents cannot be sufficiently
proved to admit it to probate, it may nevertheless be availed of as a revocation in opposi‑
tion to the probate of the will revoked by it.

APPEAL from a decree of the Probate Court for the county of
Middlesex, allowing a certain instrument as the last will and
testament of Maria Wallis, of Everett, who was the mother of
the appellant and of the appellee.

Upon a hearing before *Endicott*, J., in respect to the issues to
be submitted to a jury, certain issues were agreed upon, and the
appellant George F. A. Wallis submitted that he had evidence
which he should offer showing that "after the execution and pub-
lication of the instrument propounded for probate as the last will
of the deceased, she revoked it by another instrument in writing
executed and published by her as her last will and testament in
the presence of three competent witnesses, who attested and sub-
scribed it as such in her presence and at her request, and which
was never revoked, and which was her last will and testament,
and was in existence at the time of her death, but was subse‑
quently fraudulently destroyed or suppressed by the appellee
Francis B. Wallis and his wife, or by one of them, for the pur-
pose of defrauding the appellant of his rights under it; that the
testatrix for years before and till the time of her death lived in
the same house with the appellee and his wife, and that her pri-
vate papers, including three of her wills of different dates, had
been and were in her possession and control, in the house, at the
time of her death, and then came into the possession and control
of the appellee and his wife, who, together, or one in collusion
with the other, after her death, corruptly and fraudulently with-
held, suppressed or destroyed the last of the wills and brought
forward the next earlier will, and offered it for probate as the
last will and testament of the testatrix, in order to cheat and de-
fraud the appellant, to whom by the last and latest of the wills
was devised a substantial portion of her property devised to the

appellee by the earlier will, whereby the appellant had been defrauded of the means of proving more fully the contents of the last will; that the appellant was unable to prove what the last will contained, except that it devised a substantial portion of the testatrix's property to him, the precise amount of which he is unable to prove, by reason of its destruction or suppression."

The appellant contended that, in addition to the issues agreed upon, either certain issues offered by him, or some other issues under which these facts could be presented, should be submitted to the jury. The following were the issues offered by the appellant:

"And the said George F. A. Wallis says that, subsequently to the date, execution and publication of said instrument propounded for probate, said Maria Wallis revoked the same by another instrument in writing duly made, signed, executed, published and declared by her as her last will and testament in the presence of three competent witnesses, who, as attesting witnesses thereto, attested and subscribed the same as such in her presence and at her request, and which was never revoked; and this the said George F. A. Wallis is ready to verify."

"And the said George F. A. Wallis says that in and by the last will and testament of said Maria Wallis in writing, which, subsequently to the date, execution and publication of said instrument propounded for probate, was duly made, signed, executed, published and declared by her as her last will and testament in the presence of three competent witnesses, who, as attesting witnesses thereto, attested and subscribed the same as such in her presence and at her request, she devised a substantial part of her estates and property to the said George F. A. Wallis, and that after her death said last will and testament of said Maria Wallis was fraudulently, and for the purpose of defrauding the said George F. A. Wallis of his rights thereunder, destroyed or suppressed by the said Francis B. Wallis and his wife Sarah L. Wallis, or by one of them, and this the said George F. A. Wallis is ready to verify."

The question raised was by *Endicott*, J., reported for the consideration of the full court.

*M. Storey,* for the appellant.

*A. Russ,* for the appellee.

GRAY, C. J. By our law, no will can be revoked by any subsequent instrument, other than a " will, codicil or writing, signed, attested and subscribed in the manner provided for making a will." Gen. Sts. *c.* 92, § 11. And when an instrument of revocation is in existence and capable of being propounded for probate, its validity should be tried by a direct proceeding instituted for the purpose in the Probate Court. *Laughton* v. *Atkins,* 1 Pick. 535. The first issue should not therefore be submitted to the jury, in the form suggested by the contestants, upon this appeal from the probate of the will alleged to be revoked.

But when a testamentary instrument is lost or destroyed, it cannot be admitted to probate without clear and satisfactory proof of its whole contents. *Davis* v. *Sigourney,* 8 Met. 487. If it can be proved that a later will was duly executed, attested and subscribed, and that it contained a clause expressly revoking all former wills, but evidence of the rest of its contents cannot be obtained, it is nevertheless a good revocation; and it can be made available only by allowing it to be set up in opposition to the probate of the earlier will, in accordance with the practice established in the English Ecclesiastical Courts before the Declaration of Independence, and adopted by the courts exercising similar jurisdiction in New York and New Jersey. *Helyar* v. *Helyar,* 1 Lee, 472. *Nelson* v. *McGiffert,* 3 Barb. Ch. 158, 164. *Day* v. *Day,* 2 Green Ch. 549. The first issue should therefore be amended by adding an allegation on the part of the contestants that the instrument of revocation was lost or destroyed and its contents cannot be proved so that it can be propounded for probate.

If such an instrument existed and has been lost or destroyed, its effect as a revocation does not depend upon the question whether its loss or destruction was the result of fraud or of accident. The second issue should therefore be rejected as involving an immaterial allegation. *Ordered accordingly.*