NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—April, 1884.

## COLLIGAN v. McKERNAN.

*In the matter of the application for probate of a paper propounded as the will of* MICHAEL COLLIGAN, *deceased.*

*It seems,* that, in spite of Code Civ. Pro., §§ 1865, 2621, which prescribe the prerequisites to the procurement of a judgment or decree establishing a lost or destroyed will, the existence of a clause in an instrument later than one propounded as a decedent's will, and revoking the latter, may be lawfully proved by the testimony of a single witness.

Harris v. Harris, 26 *N. Y.*, 433—commented upon ; Nelson v. Mc-
Giffert, 3 *Barb. Ch.*, 158 ; Matter of Simpson, 56 *How. Pr.*, 125—
distinguished.

Probate of a paper propounded as decedent's will was opposed, upon the
ground that it had been revoked by a later which, after diligent
search, could not be found.   Contestant relied upon the testimony
of V., a clerk in the office of decedent's attorney, to the effect that,
nearly two years after the execution of the paper propounded, wit-
ness and a fellow clerk, A., met decedent in their employer's office,
where A. drew a will in accordance with decedent's directions ; that,
decedent having mentioned the existence of a prior will and requested
A. to insert a revoking clause in the new paper, A. stated that he
would do so ; that the will when completed was read aloud by A.,
duly executed by decedent, and attested by A. and witness.   It did
not appear that decedent knew the contents of the paper except as
he was advised thereof by the draftsman, nor that V. had any better
or different sources of information upon the subject.—

*Held*, that the only evidence of the existence of a revoking clause in the
later instrument was hearsay, and that contestant's case, *quoad hoc*,
failed.

Authorities in support of the rule that parol evidence is admissible before
a Surrogate, to show not only that a will was executed by decedent
after the execution of one propounded, but also that the later instru-
ment contained a clause of revocation—collated.

APPLICATION, made by Eliza McKernan, decedent's
sister, for the probate of his will ; opposed by Bernard
Colligan and others, decedent's brothers.   The facts
appear sufficiently in the opinion.

JEROLOMAN & ARROWSMITH, *for proponent.*

M. J. McKENNA, *for contestants.*

THE SURROGATE.—An instrument purporting to be
the will of this decedent and bearing date February
18th, 1867, was lately propounded for probate in this
court.   Its due execution has been satisfactorily proved,
and the evidence leaves no room for doubting the testa-
mentary capacity of its maker, and his freedom from
undue influence and restraint.   But its admission to
probate is opposed upon the ground that its provisions

were revoked by a later will, which the testator is claimed to have executed in the year 1868. Such later will has not been produced before the Surrogate. A fruitless search has been made for it, and it is probably not now in existence. Mr. Voorhis, a witness in behalf of the contestants, has described the circumstances connected with its execution and to some extent, also, the character of its provisions. No other testimony in this regard has been introduced.

The question now presents itself whether there is sufficient evidence to warrant me in rejecting the paper here propounded, upon the ground that it was effectually revoked after execution. To deny it probate is practically, of course, to give effect, in part at least, to the alleged later will, by which it is claimed to have been superseded; and it is argued, in behalf of the proponents, that such denial is unwarrantable, unless the contestants have introduced the kind and amount of evidence which would be required as the basis of establishing the later paper as a lost or destroyed will. Section 1865 of the Code of Civil Procedure provides that a lost or destroyed will cannot be " established," unless it was " in existence at the time of the testator's death or was fraudulently destroyed in his lifetime," nor unless its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness.

Section 2621 of the same Code declares that a lost or destroyed will can be admitted to probate in a Surrogate's court, but only in a case where a judgment establishing the will can be rendered in the Supreme court as prescribed in § 1865, *supra*, of the Code. Jurisdic-

tion in this regard was for the first time granted the Surrogate of this county by chapter 359 of the Laws of 1870. But, even before that date, it had been more than once decided that "the Surrogate, having exclusive jurisdiction to hear and determine whether an instrument propounded was the last will of a decedent, must by implication have jurisdiction to determine all subsidiary questions" (In Re Simpson, *56 How. Pr., 125*). "The true rule," added the court in that case, "seems to be that, where it is necessary to take proof of the destroyed subsequent will for the purpose of determining whether the instrument submitted for probate was the testator's *last* will, the Surrogate has power to hear the evidence and determine that question, but where the object of the evidence is to *establish* the destroyed subsequent will as a testamentary disposition of the testator's estate, valid and effectual for that purpose at the time of his death, then the Surrogate is deprived of jurisdiction, and resort must be had to the Supreme court" (see also Nelson v. McGiffert, *3 Barb. Ch., 158*). While neither of the cases just cited determines the precise question here presented, they nevertheless tend strongly to support the claim of these contestants, involving, as they do, the doctrine that the denial of probate to a will because of its revocation by another will of later date is in no sense the "establishing" of the latter. If this be so, the statutory provisions as to the particular kind of proof required for such "establishing" have no application to the present situation. Any legal evidence which satisfies the Surrogate of the existence of a will executed subsequently to the one offered for probate is sufficient also to justify the denial of pro-

bate to the earlier paper. It is not necessary that two witnesses should testify as to the contents of the later instrument, nor is it necessary to show that such instrument was in existence at the time of the testator's death, or that, if not then in existence, it had been fraudulently destroyed in his lifetime.

Harris v. Harris (*26 N. Y., 433*) was an action for partition, wherein the plaintiff claimed title as one of the heirs at law of his father, who was alleged to have died intestate. The defendants, brothers of the plaintiff, claimed to be exclusive devisees under their father's will. The plaintiff set up, in opposition to their contention, that, before the commencement of the partition suit, the defendants had begun an action in the Supreme court for the establishment, as a will, of an instrument claimed to have been lost or destroyed, and that such action had resulted in a judgment adverse to them. He insisted, therefore, that the invalidity, as a will, of any such instrument had been for all purposes determined in that proceeding, and that, even if the matter were not *res adjudicata*, the parties claiming under the alleged will should be held to the same strictness of proof in the partition suit as the statute demanded in direct proceedings for establishing lost or destroyed wills. The Supreme court sustained this view (Harris v. Harris, *36 Barb., 88*), holding that the statute in question prescribed an invariable rule of evidence ; that its operation was not limited to proceedings brought for the express purpose of proving or establishing an instrument as the foundation of the administration of an estate, but that the language was broad enough for universal application.

This judgment was reversed by the Court of Appeals (*26 N. Y., 433*), which held that the statutory provision respecting the mode of establishing lost wills related only to the special proceeding pointed out by that statute, and did not abolish the common law rule of evidence, which allowed the proof of a lost will by a single credible witness. That such evidence is sufficient is also declared in the following cases: Jackson v. Le Grange (*19 Johns., 386*); Dan v. Brown (*4 Cow., 483*); Jackson v. Betts (*6 Cow., 377*); Chapman v. Rodgers (*12 Hun, 347*); Helyar v. Helyar (*1 Lee's Cases*, 472); Brown v. Brown (*8 Ellis & Black., 876*); Havard v. Davis (*2 Binn., 406*); Graham v. O'Fallon (*3 Mo., 507*); Dickey v. Malechi (*6 Mo., 177*); Kearns v. Kearns (*4 Harr., 83*); Reeves v. Booth (*2 Mills' Const. Rep., 334*); Baker v. Dobyns (*4 Dana, 220*); Legare v. Ashe (*1 Bay, 464*); Fetherly v. Waggoner (*11 Wend., 599*); Wallis v. Wallis (*114 Mass., 510*).

Upon the authority of these decisions, I hold that parol evidence was properly admitted by the Surrogate, not only to show that a will was executed by the decedent after the execution of the one propounded, but to show, also, that such will contained a clause of revocation. And, in spite of §§ 1865 and 2621, I hold that the existence of such a revoking clause may be lawfully proved by the testimony of a single witness.

Now comes the question whether, as matter of fact, the single witness who has in the present case testified to the existence and contents of a will, claimed to have been executed by this testator after February 18th, 1867, has satisfied me that such will was in fact executed, and that it contained a clause revoking former wills.

The paper propounded was drawn by Mr. Justice DONOHUE, who acted as one of its two subscribing witnesses. The other witness, Oliver W. Steele, was at the time a clerk in Judge DONOHUE's office. He has since died. James C. Voorhis was also then and later a clerk in the same office. It is upon his testimony that the contestant relies. Mr. Voorhis says that, upon entering the office in the afternoon of some day in the Autumn of 1868, in company with a fellow clerk named Andrews, now deceased, he saw the testator, who declared that the object of his visit was to have a will drawn; that Mr. Andrews thereupon sat at a desk, and, in accordance with the testator's directions, drew his will; that the testator mentioned the fact that, about the year before, Judge DONOHUE had performed for him a similar service, and asked Mr. Andrews, in view of that fact, to insert a revoking clause in the new paper; that Mr. Andrews said in reply that, even without special direction he would insert such a clause, because it was his custom; that when the will was finished Mr. Andrews read it aloud, and that it was thereupon duly executed, Mr. Andrews himself and Mr. Voorhis acting as subscribing witnesses.

It does not appear from the testimony that the decedent read this instrument, or knew what it contained, except as he was advised of its contents by Mr. Andrews. Nor does it appear that the witness Voorhis had any better or different sources of information than were enjoyed by the decedent, as to the existence in that instrument of a clause of revocation. If the evidence showed that the decedent made personal examination of the paper after he had requested Mr.

Andrews to put in a revoking clause, the fact that such a clause actually formed part of the instrument might fairly be inferred from the absence of protest or criticism on the part of the decedent. His silence would justify the assumption that his directions had been obeyed. But as the case stands the only evidence as to the revoking clause is merely hearsay. Mr. Andrews promised he would put one in the will, and when he was or seemed to be reading the instrument aloud, he stated in effect that he had kept his promise. And that is all.

For this cause alone, I should feel bound to overrule contestants' objection to the probate of the paper propounded. There are other causes, which I need not specify, in view of what has been said already, for holding that the existence of an instrument revoking the terms of the one here produced has not been proved to my satisfaction.

The will of February, 1867, therefore, must be admitted to probate, unless its validity is attacked upon other grounds than have yet been disclosed.