In the matter of the Probate of the Will of ROBERT CUNNINGHAM, deceased.

February 2, 1888.

**Will—Revocation—Loss of Revocatory Will.**—A later will, properly executed as such, and containing a clause revoking former wills, is effectual as a revocation, although, having been lost or destroyed, its contents (other than the revocatory clause) cannot be proved so that it can be allowed and executed as a will.

**Same—Evidence of Lost Will.**—Upon the trial of the issue arising upon proceedings for the probate of an earlier will, proof of the revocatory instrument is competent as evidence of a revocation, although it might be, but never has been, admitted to probate.

Appeal by Robert F. Cunningham, the executor and proponent of the will of Robert Cunningham, from a judgment of the district court

for Olmsted county, where the action was tried by *Start, J.*, without a jury, and the decree of the probate court, admitting the will to probate, was reversed.

*Kellogg & Eaton,* for appellant.

It is not competent to prove the contents of a second will, or the revoking clause thereof, for the purpose of revoking the first one, until the revoking will has been presented to the proper probate court and been duly allowed. *Laughton* v. *Atkins,* 1 Pick. 535; *Bayley* v. *Bailey,* 5 Cush. 245; *Wallis* v. *Wallis,* 114 Mass. 510; *Stickney* v. *Hammond,* 138 Mass. 116; *Sewall* v. *Robbins,* 139 Mass. 164; Gen. St. 1878, *c.* 47, § 17; Pub. St. Mass. (1882,) *c.* 127, § 7. The destruction of the second will revived the first will. 1 Wms. Exrs., 213, 217; 1 Jarman, Wills, 295, 296; 1 Redfield, Wills, 374, 375; *Pickens* v. *Davis,* 134 Mass. 252; *Williams* v. *Williams,* 142 Mass. 515; *Randall* v. *Beatty,* 31 N. J. Eq. 643; *Colvin* v. *Warford,* 20 Md. 357, 391; *Taylor* v. *Taylor,* 2 Nott & McCord, 482; *Linginfelter* v. *Linginfelter,* Hardin, (Ky.) 127; *Laughton* v. *Atkins, supra; Bayley* v. *Bailey, supra.*

*Chas. C. Willson,* for respondents.

DICKINSON, J.   A will of Robert Cunningham, executed in 1877, having been offered for probate in the probate court of Olmsted county, was, upon proper proceedings in that court, allowed as the last will and testament of the deceased.   The contestants, Rachel C. Somerville and others, who had opposed the probate of the will, appealed to the district court.   Upon the trial of the appeal in that court, after the proponent had shown the execution of the will, the contestants introduced evidence, which was received against the proponent's objections, of the execution of a later will, executed in 1884, and containing a clause expressly revoking all former wills.   The court, finding that the execution of this later will had been established by the evidence, and that the will of 1877 had been thereby revoked, reversed the determination of the probate court; whereupon judgment was entered declaring the earlier will to have been revoked by the later, and that it was not the last will and testament of the deceased.   The proponent appealed to this court.

The later will of 1884 was destroyed by the testator at a subsequent

date; but at that time the testator was not mentally competent to make or revoke a will, so that his act was in a legal point of view ineffectual. Assuming, what the evidence tended to disclose, that the contents of the later will in respect to the disposition of the property of the testator were unknown, and could not be fully established, the preliminary question is suggested whether, in such a case, the revocatory clause alone being shown, that would be effectual as a revocation of the former will, or would that clause fail to have effect because the will could not be executed in the disposition of the estate? It may of course be that the testator would not have revoked a former will except for the purpose of having his intentions as to his property as declared in the later will carried into effect. But the speculations of a court as to the undisclosed reasons and the full purposes of the testator cannot be allowed to control, as against the certain, unequivocal act and declaration of the testator, whereby he *did* revoke, as he had a right to do. Such a revocation is in general effectual, although the will cannot otherwise be executed. Com. Dig. "Estates by Devise," "Revocation," (F 1;) *Quinn* v. *Butler*, L. R. 6 Eq. 225; *Tupper* v. *Tupper*, 1 Kay & J. 665; *Wallis* v. *Wallis*, 114 Mass. 510; *Jones* v. *Murphy*, 8 Watts & S. 275–300; *Price* v. *Maxwell*, 28 Pa. St. 23; *Hairston* v. *Hairston*, 30 Miss. 276; *Gossett* v. *Weatherly*, 5 Jones, Eq. 46; *James* v. *Marvin*, 3 Conn. 576. There are some limitations to this rule, which are not applicable here, since this will was properly executed, and, so far as appears, capable of being legally carried into effect according to its terms, were it not for the uncertainty in respect thereto arising from its subsequent destruction.

But the point more strenuously urged is that the evidence of the execution of the later will, with its revocatory clause, was inadmissible to oppose the probate of the former will, for the reason that the revocatory writing had never been established as a will by the probate court. This position is supported by some decisions and *dicta* in Massachusetts. *Laughton* v. *Atkins*, 1 Pick. 535; *Stickney* v. *Hammond*, 138 Mass. 116; *Sewall* v. *Robbins*, 139 Mass. 164. But the general rule in that state, excluding such evidence, is deemed inapplicable when the later will is itself incapable of being admitted to probate by reason of its having been lost or destroyed, so that its

whole contents cannot be clearly proved. In such case, the revocatory clause being shown, it is admissible in evidence in opposition to the probate of a former will. *Wallis* v. *Wallis*, 114 Mass. 510. Other courts have held to the admissibility of such evidence without qualification. *Nelson* v. *McGiffert*, 3 Barb. Ch. 158, 164, (49 Am. Dec. 170;) *Stevens* v. *Hope*, 52 Mich. 65, (17 N. W. Rep. 698;) *Barksdale* v. *Hopkins*, 23 Ga. 332; *Rudy* v. *Ulrich*, 69 Pa. St. 177.

In accordance with the weight of authority, and, as is considered by the majority of the court, with the better reason, we hold this evidence to have been competent in proof of an act of revocation. The testator might effectually revoke his former will by a writing so declaring, and executed as this instrument was executed, (Gen. St. 1878, *c.* 47, § 9,) as he might also by other means. According to almost all of the authorities in Massachusetts, as well as elsewhere, such an instrument, its proper execution being shown, would be equally valid as a *revocation*, whether it might or might not (by reason of its contents being unprovable) be allowed as a will disposing of the estate. We are unable to recognize any reason for the rule that *such* an act of revocation is not competent *evidence* (upon the issue whether a prior instrument offered for probate was still in force as the testator's will at the time of his death) until, if it be capable of having effect as a will, it be first allowed as such in the probate court. Whatever may be said as to the expediency of a court proceeding with the trial of the issue presented by the propounding of an instrument for probate when it is discovered that a later instrument has been executed which ought to be submitted for probate, it is considered that the later revocatory will (its proper execution being shown) is not subject to the objection that as evidence it is incompetent, irrelevant, or immaterial.

The case shows no other substantial grounds for the assignments of error, and the judgment is affirmed.