IN THE MATTER OF THE ESTATE OF RUVINA STERNBERG,. Deceased. MARY REED, *et al.*, Appellants.

**Probate of Will: LOST CODICIL.** Proof that a codicil is lost will not defeat the probate of a confessedly last and duly made will, where the contents of the codicil are not shown.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, APRIL 5, 1895.

On the eighteenth day of April, 1892, there was filed in the office of the clerk of the said district court, for probate, a will duly executed by said deceased, and attested, on the nineteenth day of July, 1886. The appellants, Mary Reed, D. K. Sternberg, and Jay Sternberg, children and heirs at law of said deceased,

objected to the probate of said will as the last will of deceased, for the following reasons: That deceased, after the execution thereof, duly executed a codicil thereto, which codicil cannot be found, wherefore they say that the will now presented is not the last will and testament of Ruvina Sternberg, deceased. They pray that the court ascertain, if possible, the provisions of said codicil, and that the estate be settled upon the basis thereof, and of the will presented; that, if the provisions of said codicil cannot be ascertained, probate of the will offered be refused; and that the estate be settled and divided as provided by law. Judgment was entered overruling said objection, and admitting the will presented to probate, from which the contestants appeal:—*Affirmed*.

*Bishop & Wilcoxen* for appellants.

*Barcroft & McCaughan* for appellee.

Given, C. J.—I.   There is no dispute as to the facts, which are, in substance, as follows: The will presented was duly executed and attested on the day of its date.   It was left in the care of the attorney who drafted it for safe-keeping; and to keep it safely, he sealed it in an envelope properly endorsed, and deposited it in a bank.   Some time thereafter, Mrs. Sternberg desiring to make some changes, her attorney took the will, still inclosed in the envelope, from the bank.   Upon the attorney's advice, it was decided to make the changes which Mrs. Sternberg desired in the form of a codicil to said will, whereupon a codicil was drawn by the attorney, executed by Mrs. Sternberg, and duly attested.   The will and codicil were left with the attorney for safe-keeping, and he, as he supposed, placed both in the envelope formerly used, sealed the same, and added to the indorsement thereon that it

contained a codicil. The envelope, thus sealed, was returned to the bank, where it remained until after the death of Mrs. Sternberg, when it was presented to, and opened by, the clerk of the district court. Upon opening the envelope, it was found to contain only the will presented, and no codicil. A year or two after the execution of said codicil, the office of the attorney, and the papers therein, were destroyed by fire. Since the discovery of the loss of the codicil, diligent search has been made for the same, but it has not been found. It is evident that, by oversight, the attorney failed to inclose the codicil with the will, and that it has been unintentionally destroyed, by fire or otherwise. The evidence rebuts any presumption that it was destroyed by or at the instance of the testatrix. The witnesses of the codicil were not informed as to the contents thereof. The attorney was the only person other than the testatrix who knew its contents. He testifies: "I cannot state what the provisions of the codicil were. I cannot remember any of its conditions." There is no evidence whatever as to the provisions of the codicil, except the statement of the attorney "that there were some little points she wanted to change."

II.   We have the single question whether the fact of the execution and the loss of the codicil should defeat the establishment of this will. The will is confessedly the last and legally executed will of Ruvina Sternberg, but appellants contend that, as the codicil became a part of the will, the will cannot be established without the codicil, and that as that is lost, and its contents cannot be ascertained, the estate must be settled and distributed as provided by statute. They cite *Wallis v. Wallis,* 114 Mass. 510; *Stevens v. Hope,* 52 Mich. 65, 17 N. W. Rep. 698; *In re Cunningham,* 38 Minn. 169, 36 N. W. Rep. 269,—and other cases to this

effect: That proof of the execution of a later will, containing a clause revoking former wills, will defeat the establishment of the former, though the latter has been lost or destroyed, and its contents cannot be ascertained. If we may apply the rule announced in the cases to a lost codicil, it will not defeat the establishment of this will, for there is no evidence that the codicil revoked, or was in conflict with, any provision of the will. The last will must prevail, and necessarily revokes all former wills. If the last instrument is but "an addition or supplement to a will," it is a codicil, and both must stand. A codicil does not necessarily revoke any of the provisions of the will of which it becomes a part. It certainly does not revoke the will, but, on the contrary, reaffirms and republishes it. 3 Am. & Eng. Enc. Law, 296. The mere fact that a codicil was executed does not warrant an inference that it revoked or changed any of the provisions of the will. If the codicil was produced, or if its loss and contents were proven, that would not defeat the establishment of this will, but both would be established together. That the codicil is lost, and its contents unknown, should not defeat the confessedly last and duly-executed will of the testatrix, unless it appears that the codicil was in conflict therewith. · Under the rule in the cases cited, it is only when the subsequent will contains a revocation of former wills that its execution will defeat the former will. "The question in a proceeding to probate a will is simply whether the writing is the last will of the deceased, and whether it was duly executed and published by him as such. Admission of the will to probate decides no question but that relating to its due execution and publication." *Lorieux v. Keller,* 5 Iowa, 196. We are of the opinion that the fact of the execution and loss of a codicil, the contents

of which are unknown, does not defeat the establish-ment of a last and duly executed and published will, in the absence of evidence that the codicil revokes some part thereof.—*Affirmed.*