DUDLEY v. GATES.

PROBATE COURTS — JURISDICTION — WILLS — REVOCATION — EXPERT
EVIDENCE.
*1. Courts of probate are not empowered to construe wills when
   presented for probate.
2. A will, expressly revoking former wills, is held effective as a
   revocation, although the principal bequest of the later one is
   void.
3. Where the opinion of a medical expert is based upon a hypo-
   thetical question, it is proper to instruct the jury that if the
   assumed facts, or any of them, are not true, the opinion must
   be rejected by the jury.

Error to Wayne; Hosmer, J. Submitted April 10,
1900; decided June 5, 1900. Rehearing granted December
11, 1900; reargued February 13, 1901; final opinion, in
affirmance of the earlier one, July 10, 1901.

Sarah M. Dudley presented for probate the last will and
testament of Helen E. Gibson, deceased. The will was
disallowed, and proponent appealed to the circuit court.
From a judgment for proponent, Jasper C. Gates and
Lulu F. Gates, legatees under a former will, bring error.
Affirmed.

This is a contest over the probate of the will of Helen
E. Gibson, deceased, executed July 16, 1898. The con-
testants are legatees under a prior will executed by the
deceased March 1, 1895. The last will revokes all former
wills, provides for the defraying of the expenses of the
interment of the testatrix, and then bequeaths all her
estate, real and personal, to the proponent, Sarah M.
Dudley, "to be used as she may deem prudent and proper,
for starting up, if enough remains, a little home for aged
men and women who are deemed worthy, and, should

---
* Head-notes by GRANT, J.

there not be sufficient remaining for above purpose as stated, they then to become the property of the said Mrs. Sarah Marie Dudley." Mrs. Gibson died January 19, 1899. The contestants attack the will upon three grounds:

1. That it is void because of the indefiniteness of its provisions.

2. That the testatrix was mentally incompetent to execute it.

3. That it was obtained by fraud and undue influence.

Upon appeal to the circuit court, the jury sustained the validity of the will.

*T. E. Tarsney* and *W. G. Fitzpatrick*, for appellants.

*George F. Robison, Walter Barlow,* and *James A. Robison,* for appellee.

GRANT, J. (*after stating the facts*). 1. Courts of probate have only such jurisdiction as is conferred by statute. Const. art. 6, § 13. They are not empowered to construe wills when presented for probate. The sole question, then, is, Did the testatrix execute the will? Parties in interest may appear and contest it on the ground that it was not properly executed, or was obtained through undue influence, or was forged, or that the testatrix was incompetent. If it is admitted to probate, its construction is a matter for after consideration. If its provisions are of doubtful meaning, either the executor, legatee, or heir should apply to a court of chancery for their construction. *Byrne* v. *Hume*, 84 Mich. 185, 191 (47 N. W. 679). This has been the universal practice in this State, and is also the rule in other courts. 1 Woerner, Adm'n, § 222; *Hawes* v. *Humphrey*, 9 Pick. 350, 361 (20 Am. Dec. 481); *In re John's Will*, 30 Or. 494 (47 Pac. 341, 36 L. R. A. 242); *Hegarty's Appeal*, 75 Pa. St. 503. After the estate is settled and is before the probate court for distribution, it must be distributed according to the terms of the will, which is the sole guide for the court in its order of distribution. The

probate court then has jurisdiction to interpret the various provisions of the will, but not otherwise. *Glover* v. *Reid*, 80 Mich. 228 (45 N. W. 91); *Byrne* v. *Hume*, *supra*. The construction of this will was not, therefore, before the court. Two of its provisions were certainly valid, viz., the payment of the expenses of her interment, and the revocation of the former will. It was also lawful for her to devise her property to Mrs. Dudley without condition, or upon the condition that it was insufficient for the charitable bequest. After the will is probated, the executrix, or the heirs, if any, or the State, if there be no heirs, can enter the proper suit to construe the will. All the important questions now raised will then be before the court for determination.

2. Should the charitable bequest be held void for indefiniteness or other reason, still the will, being properly executed by a competent person, must be held to revoke the former will by its express provision to that effect. Powell thus states the rule:

"If the latter will contain an express revocation of the former, it is immaterial whether the latter be or be not inconsistent with the former, or whether it operate as a will at all or not." Pow. Dev. 516.

This is cited with approval in *Smith* v. *McChesney*, 15 N. J. Eq. 359.

The question is discussed at some length in *Pickens* v. *Davis*, 134 Mass. 252 (45 Am. Rep. 322), in which the court say:

"Since the enactment of the English statute of wills (Stat. 7 Wm. IV. and 1 Vict. c. 26, § 22), the decisions in all the courts have been uniform that after the execution of a subsequent will which contained an express revocation, or which, by reason of inconsistent provisions, amounted to an implied revocation, of a former will, such former will would not be revived by the cancellation or destruction of the later one."

Where a will was lost or destroyed, and its contents (other than the revocatory clause) could not be proved so

that it could be allowed and executed as a will, held to be effectual as a revocation of the former will. *In re Cunningham*, 38 Minn. 169 (36 N. W. 269, 8 Am. St. Rep. 650). It is there said: "Such a revocation is in general effectual, although the will cannot otherwise be executed." The same rule was held in *Wallis* v. *Wallis*, 114 Mass. 510. Where a codicil revoked valid bequests, and bequeathed them to a void charity, held, that the revocation took effect. *Tupper* v. *Tupper*, 1 Kay & J. 665; *Baker* v. *Story*, (N. S.) 31 Law T. 631. In *Scott* v. *Fink*, 45 Mich. 241 (7 N. W. 799), it was held that a will is not revived by the destruction of a subsequent will when the latter will had contained a clause revoking the former will. In *Stevens* v. *Hope*, 52 Mich. 65 (17 N. W. 698), it was held that, when a will has once been expressly revoked by a later one, nothing can be claimed under it, though the later has been destroyed. See, also, *Cheever* v. *North*, 106 Mich. 390 (64 N. W. 455, 37 L. R. A. 561, 58 Am. St. Rep. 499).

Counsel for contestants cite *Laughton* v. *Atkins*, 1 Pick. 542; *Reid* v. *Borland*, 14 Mass. 208; *Rudy* v. *Ulrich*, 69 Pa. St. 177 (8 Am. Rep. 238); and *In re Goods of Fraser*, (N. S.) 21 Law T. 680,— in support of their contention. In *Laughton* v. *Atkins* and in *Rudy* v. *Ulrich* the wills were denied probate because obtained through undue influence. In *Reid* v. *Borland* the instrument presented as a will was held void because not executed in accordance with the statute. The instruments in these cases were held void *in toto*, and therefore not admissible for any purpose. Incompetency or undue influence vitiates the revocatory clause as well as the other provisions. They have no application to cases like the present, where there was no undue influence. The testatrix was competent, and the intention to divert her property from the devisees by a former will is plain. Those cases would apply if the present will were held void for incompetency or undue influence, or because not lawfully executed, and the other will were before the court for

probate, and a contestant should offer this one as evidence of a revocation of the other. In *Re Goods of Fraser*, the testator had written across the will, "This will was canceled this day in the presence of Dr. Robert Fraser, Esq., physician, and Margaret Rielly, nurse," and was witnessed by them. The motion before the court was that this memorandum be included in the grant of administration to the widow. The opinion cites the English statute as to revocation of wills, and then says:

"The statute draws a distinction between 'wills and codicils' and 'some writing.' I am clearly of opinion that this is some writing declaring an intention to revoke a previous will, and, being only a writing of that character, it cannot be called a will. It disposes of nothing; it throws no light on the testamentary intentions of the deceased; it does not declare an intestacy. It simply revokes one particular paper. The application, therefore, must be refused."

The opinion cites *In re Goods of Hicks*, 38 Law J. Prob. 65, in which a similar memorandum was written upon a will. In that case Lord Penzance said:

"The language of the statute, therefore, implies that a will may be revoked either by a subsequent will, or by a codicil executed as a will, or by something which is neither a will nor a codicil, namely, 'some writing declaring an intention to revoke' the will. I had serious doubts whether this paper ought not to be looked upon merely as 'some writing,' and consequently neither a will nor a codicil, so as properly to be made the subject of a probate or administration with the will annexed."

He then cites the case of *Brenchley* v. *Still*, 2 Rob. Ecc. 162, and stated the proper course was "to allow the grant to go with the paper annexed."

Counsel in *Re Goods of Fraser* also cited *In re Goods of Hubbard*, 35 Law J. Prob. 27. In that case, at the foot of a deed, was written, "I do add unto my will this codicil, hereby revoking any other codicil or codicils heretofore made by me. I constitute and appoint my said son A. G. [a trustee under the deed] my sole and only trustee

and administrator under my said will." It was held (1) that the deed was not entitled to probate as a will; (2) that, as there was no will, A. G. was not executor; (3) that, as the codicil revoked other codicils, administration with it annexed should be granted to the next of kin.

I am unable to see that these cases support the contestants' claim.

3. The testimony as to competency and undue influence was in sharp conflict, and both questions were properly submitted to the jury. In reply to special questions, the jury found that Mrs. Gibson executed the will; that she had sufficient mental capacity; and that she was not under the undue influence, restraint, or duress of any one.

4. It remains to consider whether there was error committed upon the trial. Two expert witnesses were placed upon the stand by the contestants, and a hypothetical question put to each of them, covering seven pages of the record, and containing a statement of the facts as claimed by the contestants. Based upon these facts, the witnesses testified that, in their opinion, she was incompetent to comprehend the will. Each of the witnesses stated that his opinion was based upon the assumption that the statements made in the question were facts. The court instructed the jury upon this testimony as follows:

"In order to make their opinions as to the mental incapacity of the testatrix to make such will competent evidence in the case, all the facts assumed and stated in the hypothetical questions put to them must be proved as true, and if the facts assumed as stated in such questions, or any portion of them, are not proven true, then the opinions of those two expert witnesses as to the mental incapacity of the testatrix to make the will in question are of no value as evidence in this case, and must be rejected by the jury. I think, gentlemen of the jury, that that is a proper request. You will remember that Dr. Emerson and Dr. Inglis were not eyewitnesses as to the condition of Mrs. Gibson in the month of July, 1898. Now, if you believe that the several facts which are embodied in those hypothetical questions are true, then I think you are justified in giving importance to the testimony of the physicians;

but, of course, if you do not find that those facts are true, or if you find that any of those facts are untrue, then, inasmuch as the testimony of those witnesses is confessedly based upon the facts which are assumed in the question at least, then, under those circumstances, of course, their evidence would become valueless; but it is for you to say, of course, being the judges of what the actual facts were, what credit shall be given to their testimony, if you find the facts to be true."

The opinions of the experts were evidently based upon the supposed facts set forth in the question, and the instruction limited the jury to the opinions based upon the question. If counsel desired their opinion upon a portion of those facts, they should have propounded a question which included them and excluded the others. We think the instruction was correct. *Rice* v. *Rice*, 50 Mich. 454 (15 N. W. 545); *Kempsey* v. *McGinniss*, 21 Mich. 123.

We find nothing in the remarks of counsel to justify a reversal of the case.

We find no error upon the record. The judgment is affirmed.

The other Justices concurred.

### ON REHEARING.

MONTGOMERY, C. J. This case was decided at the June term, 1900, and is reported above. A rehearing has been granted, and we have been favored with full briefs and able arguments by counsel.

It is strenuously insisted that the court was in error in determining that, on the probate of a will, it is not the duty of the court to construe the terms of the will. Upon full consideration, we are thoroughly convinced that the former opinion correctly states the general rule. In 1 Woerner, Adm'n, § 222, it is said:

"A court of probate determines only whether the instrument propounded has been executed by the testator and attested by the witnesses in the manner prescribed by the statute, and that he possessed sufficient testamentary capacity,—in other words, whether the instrument is the

testator's spontaneous act, expressing his last will in the form recognized by law. Its approval of the will relates only to the form. Void bequests are not validated thereby, nor should the probate distinguish between valid and void, certain and uncertain, rational or impossible, dispositions of the testator. All such questions are for the courts of construction, which are bound by the judgments of courts of probate only as to the due execution."

In addition to the cases cited in our former opinion, this holding is supported by *Cox* v. *Cox*, 101 Mo. 168 (13 S. W. 1055), and the cases cited in 1 Woerner, Adm'n, § 228, * p. 502, note 4. See, also, *Hawes* v. *Humphrey*, 9 Pick. 350 (20 Am. Dec. 481). It is true, as stated in our former opinion, that the probate court, upon the distribution of the estate, may construe the will for certain purposes; but, as was said by CAMPBELL, C. J., in *Frazer* v. *Wayne Circuit Judge*, 39 Mich. 198, the question to be determined upon the probate of a will is the question of will or no will.

But it is contended that there may be cases in which, as bearing upon the other issues in the case, it is necessary in the probate of a will for the court in some measure to construe the will. This was not denied in the former opinion, nor was it denied the contestants in this case by the trial judge. The court in effect charged the jury that the provision relating to the establishment of a home for aged men and women was, in part at least, void in law, but declined to charge that this would invalidate the whole will; and in this we think he committed no error. If, as a matter of fact, the estate left was insufficient to establish a home for aged men and women, the proponent would take under the will, irrespective of the question of the validity of the trust. We can add little to what was said in our former opinion upon this subject.

It was strenuously insisted on the argument that the court was in error in his instructions upon the question of burden of proof. It seems to be conceded that the court in the first instance correctly stated the rule. He said to the jury, referring to the preparation of this will by proponent's husband, that:

"The law looks upon that matter with a degree of suspicion, and I think we all of us would naturally regard it with a degree of suspicion; and the degree of suspicion with which it is to be regarded, no doubt, gentlemen, is for you to determine, and not for the court, as the weight of all evidence belongs to you, and not to the court. But, under the law, gentlemen, it is sufficient to change what we call the burden of proof, and make it, under those circumstances, incumbent upon the party who offers the will for probate to satisfy you of the honesty of the purpose of the party, of the action of the parties, and to satisfy you that it was not procured by undue influence."

Further on in his charge the court said:

"Much stress is always laid by counsel upon the burden of proof. I think, to a considerable extent, it is more or less of a bugbear, because it only means this: That, if the testimony is exactly balanced in your minds,—you cannot say there is more evidence upon one side of the proposition than upon the other,— * * * the case shall be given against the party who has to sustain the burden of proof. In my own individual experience, I have yet to see a case in which I could find, in my own mind, that the testimony was exactly balanced."

The court, however, concludes his instructions upon this subject as follows:

"By the burden of proof we mean that evidence which satisfies you of the very right of the one party or of the other; and if Mrs. Dudley, in this case, has satisfied you of the right of her position, then she has sustained the burden of proof with reference to undue influence. If you believe from her testimony that it was honest and fair, and expressed the will and desire of Helen E. Gibson, then she has sustained the burden of proof. Unless she has done this, she has not sustained the burden of proof, I think, and under those circumstances the will would be void as having been procured by undue influence."

We do not think that this charge, taken as a whole, could have misled the jury. They were correctly told that the circumstance that the will was drawn by proponent's husband was a circumstance which raised a suspicion; and they could not have heard this charge without understand-

ing that it was the duty of the proponent to remove this suspicion by evidence.

The other questions discussed on the rehearing have had full consideration, but we are not disposed to depart from our former holding, and the judgment will stand affirmed.

MOORE, LONG, and GRANT, JJ., concurred. HOOKER, J., did not sit.