BOARD OF COUNTY COMMISSIONERS OF RICE COUNTY v. JASPER
SCOTT and Others.[1]

January 30, 1903.

Nos. 13,208—(215).

**Will—Revocation of Bequest.**

A testator by the seventh clause of his will gave the residue of his
estate to the county of Rice, this state. He added a codicil thereto, the
second clause of which was this: "I hereby revoke the seventh item in
the above will, having made a different disposition of my money; and
Rice county shall not be a legatee, nor have any interest in or to my
estate, or any part thereof." And in the third and last clause thereof
he directed his executor to destroy the residue of money and evidence
of credit belonging to his estate. *Held*, that the bequest to the county
was expressly and unconditionally revoked by the codicil, though the
new disposition of the subject thereof may be void.

From a decree of the probate court for Rice county assigning
the residue of the estate of Harvey Y. Scott, deceased, to defend-
ants, Jasper Scott and others, the next of kin, plaintiff appealed
to the district court for said county. From an order, Buckham, J.,
affirming the decree of the probate court, plaintiff appealed to the
supreme court. Affirmed.

*William W. Pye*, County Attorney, for appellant.

The disposition by the codicil of the estate bequeathed to the
county by the will being void, the revocation of such bequest must
therefore fall with it, it appearing that the bequest was revoked
solely for the purpose of making way for this void disposition of
the residue of the estate. 6 Am. & Eng. Enc. (2d Ed.) 193; Jones
v. Jones, 2 Dev. Eq. 387; Edlestone v. Speake, 1 Shower, 89; Onions
v. Tyrer, 1 P. Wms. 343; Mendinhall's Appeal, 124 Pa. St. 387;
Laughton v. Atkins, 1 Pick. (Mass.) 535; Schouler, Wills (3d Ed.)
§ 417; 1 Underhill, Wills, § 338; Page, Wills, 310; 1 Underhill,
Wills, §§ 252, 253; Schouler, Wills (3d Ed.) § 410; Lyon v. Dada,
127 Mich. 395; In re Jeffries Estate, 18 Pa. Super. Ct. 439; In re
Cunningham, 38 Minn. 169.

[1] Reported in 93 N. W. 109.

*George N. Baxter* and *G. V. Fromme*, for respondents.

Mistake in inducement is no ground for rejecting an express revocation. Page, Wills, § 120; 1 Underhill, Wills, § 253; Page, Wills, § 277; see also Giddings v. Giddings, 65 Conn. 149; Hayes v. Hayes, 21 N. J. Eq. 265; Mendinhall's Appeal, 124 Pa. St. 387; Mordecai v. Boylan, 6 Jones, Eq. 365; Skipwith v. Cabell, 19 Grat. 758.

Where a subsequent will or codicil, executed with all the solemnities required by statute, contains an express revocation of the dispositions of a former will, such revocation will operate, though the subsequent testament should, for any reason, otherwise fail of its intended effect. Powell, Devises, 116; 1 Redfield, Wills, *363, *364; 1 Jarman, Wills, 134; 1 Underhill, Wills, § 250; Page, Wills, § 267; Schouler, Wills (3d Ed.) § 418; 29 Am. & Eng. Enc. (1st Ed.) 305, and cases cited.

START, C. J.

On July 3, 1901, Harvey Y. Scott, a resident of the county of Rice, this state, made his will. After making some minor bequests, he disposed of the residue of his estate in these words:

"Seventh. I desire and it is my will that whatever I have in money, either in bank or elsewhere, shall be given to Rice county, to the credit of county revenue, and so benefit all the taxpayers of the county, by diminishing the amount they will have to pay; hereby intending that the residue, after all devises and bequests hereintofore made, shall be disposed of as above directed."

On July 25, 1901, he added a codicil to his will, which, so far as here material, was in these words:

"Second. I hereby revoke the seventh item in the above will, having made a different disposition of my money; and Rice county shall not be a legatee, nor have any interest in or to my estate, or any part thereof.
"Third. It is my will, and I hereby direct, that my executor above named, after paying all my just debts and expenses, shall destroy all the rest and residue of the money or cash or other evidence of credit that to me or to my estate may belong."

The testator died leaving no widow or child, but left as his heirs at law a brother and sister and the children of a deceased

brother. This will and codicil were duly proven and admitted to probate, and the residue of the estate, real and personal,—the latter exceeding $43,000,—was by the final decree of distribution of the probate court assigned to the heirs at law of the testator. The county of Rice appealed from this decree to the district court. The result of such appeal was that the district court, by its judgment, affirmed the decree, and the county appealed to this court.

The only question we find it necessary to decide is whether the bequest of the residue of the estate to the county was revoked by the codicil. If it was, the conclusion follows that the judgment appealed from must be affirmed, and that it is useless to discuss the interesting and perhaps doubtful question of the capacity of the county to take under the will.

We assume, for the purpose of this decision, that the direction in the codicil to the executor to destroy all of the residue of the money or cash or evidences of credit belonging to the estate was void. We have, then, this sole question: Did the testator by the codicil absolutely revoke the bequest to the county, or was it revoked upon the implied condition that the direction as to the residue of his estate should prove valid? If the revocation by the codicil is express and unconditional, it will operate to cancel the bequest to the county, though the new disposition of the subject matter thereof fails of its intended effect. The court will not in such a case conjecture what would have been the testator's intention if he had known that the new disposition would fail. On the other hand, if it appears from the words of the codicil and will, when read and construed together, that the revocation of the bequest to the county was subject to the implied condition that the new disposition should prove effectual, then, upon the assumption that the new disposition was invalid, it must be held that the bequest to the county was not revoked. 1 Redfield, Wills, *363; Schouler, Wills (3d Ed.) §§ 410, 418; Page, Wills, §§ 277, 310; 1 Underhill, Wills, §§ 250, 253; Powell, Devises, 116; In re Cunningham, 38 Minn. 171, 36 N. W. 269.

We are of the opinion that the language used by the testator in his codicil cannot be reasonably construed as implying a condition that the revocation of the bequest to the county should not

be operative unless the new disposition of the subject of the bequest should prove effectual. On the contrary, the codicil cannot, without ignoring its positive provisions and unambiguous language, be construed except as an express and unconditional revocation of the bequest to the county. It is clear from the will that the testator intended that his heirs at law should not receive any part of his estate, and equally clear from the codicil that at the time it was made he had reached the conclusion that in no event should the county of Rice have any interest therein. The direction in the codicil as to the disposition of the residue of his money is wholly independent of the revocation clause therein. The testator, in his codicil, not only expressly revokes the bequest to the county, reciting that he had made a different disposition of his money, but, to prevent any possible misunderstanding as to his intention, he adds the words, "and Rice county shall not be a legatee, nor· have any interest in or to my estate, or any part thereof." These words leave no room for construction or question as to their meaning. We therefore hold that the codicil expressly and unconditionally revoked the bequest to the county, and that it has no interest in the estate of the testator.

Judgment affirmed.