Plaintiff filed a petition in the Wayne county probate court for probate of the will of Frederick G. Clayton. Paragraph 5 of the will reads, in part, as follows:
"Subject to the foregoing bequests and in consideration of the fact that certain employees of the F.G. Clayton Company have been faithful to its interests and to my interests, I deem it only right to make gifts to them, such gifts however to be provisional and contingent upon their continuing as active employees and actively engaged in the business carried on by the F.G. Clayton Company at the time of my death. It is my will that in case any of said persons herein named in this paragraph shall not be actively connected with said business now carried on by the F.G. Clayton Company, at the time of my death, then the gift to that one herein named shall be void and without force.
"On the conditions herein named I give to A.J. Steiner 5,000 shares of the capital stock of the F.G. Clayton Company; to James H. Neubauer 5,000 shares of said stock; to J.W. Thompson 1,000 shares; to George W. Thomas 1,000 shares." *Page 154 
Paragraph 12 reads, in part, as follows:
"Subject to the provisions heretofore made in this will, I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, and wherever the same may be situated, to the Security Trust Company, of Detroit, Michigan, in trust, for the lives of Caroline O. Donohue, my sister, and James H. Neubauer, my nephew. I direct that the net income from said trust property shall be paid one half to my sister during the term of her natural life, to be paid to her at least quarterly or more often if necessary and advisable, and the other one half of the net income from said trust property I direct shall be paid to my nephew, James H. Neubauer, during the term of his natural life, to be paid to him at least quarterly or more often if necessary and advisable. On the death of either of said beneficiaries the one half interest so held in trust for the deceased beneficiary shall be continued in said trust property for the benefit of the surviving beneficiary, the net income of the whole trust property to be paid to her or him as herein provided, the intention being that the property so held in trust shall continue to be held in trust for the lives of the two persons mentioned in this paragraph. On the death of both of said beneficiaries, Caroline O. Donohue and James H. Neubauer, all of the property so remaining in trust I give, devise and bequeath one half to the legal heirs of Caroline O. Donohue, share and share alike, and the other half to the heirs of James H. Neubauer, share and share alike."
Defendants, three heirs at law, filed objections to probate of the will on the grounds, generally, that James H. Neubauer was not, as described in paragraph 12, the nephew of testator, and that he was not in the employ of the F.G. Clayton Company or of testator at the time of the latter's death, and *Page 155 
prayed that it be denied as the will of Frederick G. Clayton "as affecting or benefiting in any manner" James H. Neubauer.
The contest over admission of the will to probate was certified to the Wayne county circuit court upon stipulation. That court, being of the opinion that defendants' objections involve the construction of the will and are matters for after consideration, declined to pass on the rights of James H. Neubauer under the will and admitted it to probate. Defendants appeal.
In Dudley v. Gates, 124 Mich. 440, this Court said:
"Courts of probate have only such jurisdiction as is conferred by statute. Const. [1850] art. 6, § 13.* They are not empowered to construe wills when presented for probate. The sole question, then, is, Did the testatrix execute the will? Parties in interest may appear and contest it on the ground that it was not properly executed, or was obtained through undue influence, or was forged, or that the testatrix was incompetent. If it is admitted to probate, its construction is a matter for after consideration."
In the case of In re Barney's Will, 187 Mich. 145, 164, this Court considered what issues are properly before the court on petition to admit a will to probate and said in relation thereto:
"It would be singular if the probate court was to assume to decide that because of the laches of a custodian of a will, or of a legatee or devisee, it would not determine the validity of a will presented for probate; more singular if it should assume todetermine that the paper propounded was a will, but that, forvarious reasons, the legatee, or devisee, could claim no rightsunder it." *Page 156 
The ultimate question raised by their objections is not, as suggested by defendants, whether the will was revoked in part subsequent to its execution, but rather whether Neubauer is entitled to take under the terms and conditions of the will. As the circuit court properly held, that question is not before the court on a petition to admit the will to probate, but involves the construction of the will which is a matter for after consideration.
The order of the circuit court admitting the will to probate is affirmed. Costs to plaintiff, Detroit Trust Company.
BUSHNELL, C.J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.
* See Const. 1908, art. 7, § 13. — REPORTER.