By the Court:
 

 Whether
 
 Mr. Bradford
 
 made a second Will, and afterwards cancelled it, are matters of fact, to be substantially and satisfactorily proved to the Jury. Being so proved, another object is contemplated, which, likewise, assumes the nature of a fast, whether by cancelling the second Will, the deceased meant to revive the former instrument, or to the intestate; and we are at a loss to conceive how such a meaning (which it is unreasonable to expect to find in writing) should be ascertained, but by the testimony of witnesses. The evidence, indeed, will not go directly to destroy an existing Will, butmerely to shew, in effect, that the deceased did not intend again to make, or reestablish, a Will, which he had once actually detroyed. The same point arose in
 
 Lawson v. Morrison,
 
 and was decided in the same way by the High Court of Errors and Appeals.
 
 *
 

 Let the witness be qualified.
 

 II. The doctrine of express and implied revocations of Wills, being much discussed during the trial, the Chief Jus
 
 *268
 
 tice, with the concurrence of the other members of the Court, laid down the following positions.
 

 Ingerfoll
 
 &
 
 R. Stockton
 
 (of
 
 New-Jersey)
 
 for the plaintiff.
 

 Lewis, M. Levy, & Tod, f
 
 or the defendant.
 

 M'Kean,
 
 Chief
 
 Justice.
 

 1st. Where a second Will is made, containing an express clause of revocation, the preceding Will, though not formally cancelled, is revoked.
 

 2d. Where a second Will is destroyed,
 
 without
 
 more, the preceding Will, not having been cancelled, is, generally speaking,
 
 ipso
 
 facto revived.
 

 3d. Where a second Will is cancelled, under circumstances that manifest an intention either to revive, or not to revive, the preceding Will, those circumstances must be proved.
 

 4th. The mere act of making a second testament, is a revocation of a preceding testament, in relation to personal estate; the law throwing the personal estate on the executor as a trustee.
 

 III. It was suggested by
 
 Ingersoll,
 
 that, in
 
 England,
 
 an executor is entitled in his own right to the,
 
 residuum
 
 of personal estate, undisposed of by the Will; whereas in
 
 Pennsylvania,
 
 the executor holds it only as trustee for the next of kin.
 

 But, by the Court: There is no such distinction to be found in any Act of Assembly, or judicial determination. The next of kin are only entitled to personal estate, in the case of intestacy; and a man cannot be intestate, who has made an Executor.
 

 The principal point in the cause turned upon the state of Mr. Bradford’s mind at the time of cancelling the second Will and declaring his intention to die intestate; and the Jury being of opinion, from the evidence, that he was then in possession of a competent understanding, found a
 

 Verdict for the Defendant.
 

 *
 

 See
 
 post.