CHARLES H. WILLIAMS & another, executors, *vs.* GEORGE R. WILLIAMS.

Hampden. Sept. 28. — Oct. 22, 1886. DEVENS & W. ALLEN, JJ., absent.

A testator executed three wills, each containing a revocatory clause, and each of which he published and declared to be his last will. At the time he executed the third will, he said he would keep them all until he made up his mind which he wanted to keep, and would then destroy the two he did not want. He afterwards destroyed the first and third wills. *Held*, that these facts would warrant a finding, that the testator, in cancelling the third will, intended to revive the second will, without further evidence of a republication of this will.

APPEAL, by George R. Williams, from a decree of the Probate Court, allowing the will of Theodore Williams. The case was heard, and reported for the consideration of the full court, by *Field*, J., who found the following facts:

The testator executed three wills, each of which he published and declared to be his last will and testament; and each of them contained a revocatory clause. The third will was made subsequently to the will in contest, which was the second will. At the time the testator executed the third will, he said, "I will keep the three until I make up my mind which I want, and then I will destroy the two I do not want."

All these facts were found upon the testimony of a single witness, whom the judge believed to be accurate and truthful. If the fact of the execution of the third will and its containing a revocatory clause can be established by the oral testimony of a single witness, by the same testimony the entire contents of the third will can be established, as the witness testified to its entire contents.

The testator afterwards destroyed the first and third wills. The will in contest was produced, proved to have been duly executed, and the testator was proved to be of sound mind and of full age. The second will was found eight days before he died, crumpled up on the floor of the water-closet at his home, but under such circumstances that the judge found that there was no intention to destroy it.

There was no evidence that the testator ever republished or revived the second will after the destruction of the will last made, except that above stated; namely, that he said, at the time he executed the third will, that he would keep them all until he made up his mind which he wanted to keep, and would destroy the two wills he did not want, and keep the other, and the fact that the first and third were destroyed, and the second was not.

The judge found that the testator intentionally destroyed the first and third wills, and retained the second, intending to revoke the first and third, and to retain the second as his last will; and affirmed the decree of the Probate Court.

*H. W. Ely & C. F. Ely*, for the appellant. 1. The simple statement made at the time the testator executed the last will, viz. "I will keep the three until I make up my mind which I want, and then I will destroy the two I do not want," and the destruction of the first and third wills, and the finding of the second will as reported, is not sufficient affirmative evidence to

warrant the finding that he intended to revive the second will. 2. The instrument offered for probate is not his last will and testament. The statement made by the testator at the time he executed the last instrument, coupled with the instrument executed, brought all three of the instruments to a common level as unpublished unexecuted wills. A will cannot be executed, and is not properly executed, even if it purports to be, unless the testator unreservedly and unqualifiedly, either by word or deed, publishes it as his last will and testament, as by statute provided. A testator cannot have three last wills and testaments. Being brought to a common level, the destruction of any one of them is a cancellation of all. If he had deceased with the three wills in his possession after the declaration above referred to, he would have died intestate. The report finds that one otherwise intestate may become testate simply by a mental process, without the forms provided by the statutes of this Commonwealth. The case is not analogous to the simple destruction of a will executed without reservation, followed by expression of an intention to revive a former will against which he had said or done nothing except to execute the will since destroyed.

*S. Sanders*, for the executors.

C. ALLEN, J. There was proof, satisfactory to the mind of the justice who heard the case, that the testator, in cancelling his last will, intended to revive the former one which he then left uncancelled; and his conclusion of fact was well warranted by the evidence. Such proof may come from a single witness; *Brown* v. *Brown*, 8 El. & Bl. 876; *Burns* v. *Burns*, 4 S. & R. 295; and, being found sufficient to establish the fact, the legal result follows that the former will is thereby revived. See *Pickens* v. *Davis*, 134 Mass. 252, and authorities there cited; 2 Am. Lead. Cas. (4th ed.) 709, *& seq.* The fact that the testator executed three wills at different times, all of which were kept by him for a time uncancelled, and that, when he executed the third will, he said that he would keep them all until he made up his mind which he wanted to keep, and would destroy the two he did not want, did not have the legal effect to place the three wills on an equal footing as unexecuted and unpublished wills. The last will, if left unrevoked, would be valid.

*Decree affirmed.*