HARRIET M. GILES *vs.* C. EVERETT GILES & others.

Middlesex.    December 1, 2, 1909. — January 8, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Evidence,* Competency, Presumptions and burden of proof, Declarations of deceased persons.  *Probate Court,* Ordering verdict on issue framed for jury.   *Will,* Execution, Revocation.

At the trial, on appeal from a decree of the Probate Court allowing a will, of the issue whether the will was duly executed, where attesting witnesses have identified their own signatures and the signature of the testator and have testified as to the accuracy of the statements in the attesting clause, the will properly may be admitted as evidence.

At the trial, on appeal from a decree of the Probate Court allowing a will, of the issue whether the will was duly executed, although the jury upon the evidence could not have been expected to reach any other conclusion than that the will was duly executed, a verdict should not be directed to that effect, because the burden of establishing that fact is upon the proponent, and the jury should be allowed to determine the issue.

At the trial, on appeal from a decree of the Probate Court allowing a will, of the issue whether the will was revoked by a subsequent will duly executed, since the burden of proving that such subsequent instrument was duly executed and by its provisions revoked the instrument offered for probate is upon the appellant, if there is no evidence that would warrant a finding that such subsequent instrument was duly executed, it is proper to order a verdict that the will was not so revoked.

Testimony tending to show relations of a testator to the different members of his family such that he would not be likely to dispose of his property as he had done in a will offered for probate, testimony as to declarations of the testator, made after the execution of the will offered for probate, tending to show that he had disposed of his property differently from the disposition shown in the will, and testimony of a son of the testator that, many years before his father's death, he saw a sealed envelope, marked as containing his father's will, that he tore the envelope slightly in trying to open it, and that the envelope in which the will was produced by the proponent was not torn, does not constitute evidence from which a jury would be warranted in finding that, after the execution of the will offered for probate, another will, revoking the former one, was duly executed by the testator.

Under R. L. c. 135, § 8, to show a revocation of a will by a writing, the proof that there is a "writing, signed, attested and subscribed in the same manner as a will," must be of the same quality as would be required to establish the writing as a will, except that proof of its contents, beyond the fact that they constituted a revocation, need not be given; and, both according to the provisions of the statute and apart therefrom, proof of such execution by declarations of the testator would not be competent.

The provision of R. L. c. 175, § 66, that the declarations of deceased persons made under certain conditions shall not be excluded as hearsay, does not affect the

rule that a witnessed instrument in writing must be proved, after the death of the person who executed it, by the testimony of the subscribing witnesses, if they are living and within the reach of process, and if they are not, that the execution of the instrument can be proved only by the best evidence.

*Whether* testimony as to declarations of a testator in any case could be admitted as evidence of declarations of a deceased person under R. L. c. 175, § 66, competent and sufficient to show the proper execution of a will or of an instrument revoking a will, in this case was not determined, the declarations offered as evidence not being such as to warrant a finding that an instrument relied on as revoking a will was properly executed.

APPEAL from a decree of the Probate Court allowing the will of Charles E. Giles of Somerville.

Issues for a jury were framed by a single justice of this court, as stated in the opinion, and were sent to the Superior Court to be tried.

In the Superior Court the issues were tried before *Hardy,* J., who, as stated in the opinion, directed the jury to make certain answers to the questions which were unfavorable to the appellants; and the appellants alleged exceptions.

*E. R. Anderson,* (*F. E. Dickerman & J. P. Richardson* with him,) for the appellants.

*J. E. Kelley,* for the appellee.

KNOWLTON, C. J.  This was a trial in the Superior Court upon three issues, framed upon an appeal from a decree of the Probate Court allowing the will of Charles E. Giles.  The first issue presented the question whether the will was duly executed.  The second raised the question whether it was procured by the undue influence of the petitioner.  The third issue was as follows: " Was said instrument revoked by the said Charles E. Giles subsequently to the date, execution and publication thereof by the making, execution and publication of another will which has been lost or destroyed, and its contents cannot be proved so that it can be propounded for probate ? "

Upon the first issue, after testimony by the subscribing witnesses tending to show that the will was properly executed, it was admitted in evidence, subject to the appellant's exception, and at the close of the testimony the jury were directed to return a verdict in favor of the petitioner.  To this direction the appellants excepted.

The will was rightly admitted in evidence, and the testimony

well warranted a finding that it was duly executed. If, indeed, full credence was given to the testimony of these witnesses, this conclusion followed almost necessarily. It is true that two of the witnesses had little definite recollection of the transaction, apart from their knowledge that their signatures to the clause of attestation were genuine, and that they knew from their signing that they saw the execution of the will by the testator in the presence of the three witnesses. While the jury, upon the facts, could not have been expected to reach any other conclusion than that which was recorded under the direction of the court, the issue was one to be passed upon by a jury, which is the ordinary tribunal for the determination of questions of fact. Where a proposition is only to be established by testimony of witnesses, the judge cannot properly direct a jury to decide that the fact is proved affirmatively by testimony. It is for the jury to say whether the witnesses are entitled to credit. *Merchants' National Bank* v. *Haverhill Iron Works*, 159 Mass. 158. *Commonwealth* v. *McNeese*, 156 Mass. 231. *Way* v. *Butterworth*, 106 Mass. 75. *Whitten* v. *Haverhill, ante,* 95. We know of no case in this Commonwealth in which it has been determined that a jury can be directed to return a verdict, upon the oral testimony of witnesses, in favor of a party who has the burden of proving the facts to which they have testified. This direction was erroneous and the exception must be sustained.

The second issue was abandoned by the appellants and was not answered.

Upon the third issue the jury were directed to return a verdict for the petitioner, subject to the exception of the appellants. On this issue the burden of proof was upon the appellants, and the question is whether there was any evidence that would warrant a finding in their favor.

By the R. L. c. 135, § 8, it is provided that "no will shall be revoked except by burning, tearing, cancelling or obliterating it with the intention of revoking it by the testator himself or by a person in his presence and by his direction; or by some other writing signed, attested and subscribed in the same manner as a will." It is not contended that this will was revoked unless by some writing. The purpose of the statute is to prevent the revocation of a will by a writing, without as strong proof of the

execution and revocatory character of the writing as is required to establish a will.

In the present case evidence of the relations of the testator to the different members of his family was introduced, from which it was argued that the testator would not be likely to leave his property to be disposed of according to the provisions of this will. But this was not evidence of the execution of a revocatory writing in the presence of three witnesses. Upon the appellant's theory, it was inconsistent with the making of the will which, by the very hypothesis of the question, it was conceded that he had made. It tended as strongly to contradict the fact assumed in the question as it did to show a revocation of the will.

Declarations of the testator, made to some of the appellants who were his children, tending to show that he had disposed of his estate differently from the disposition shown in the will, were introduced. Let us consider, first, the competency of these declarations, as evidence of the execution of a paper "signed, attested and subscribed in the same manner as a will." We will consider the subject first, apart from R. L. c. 175, § 66, which greatly enlarges the power of the courts to admit as evidence the declarations of deceased persons. The great weight of authority is that, under statutes similar to ours, a declaration of a testator cannot be received to prove the execution of a will, or of a writing containing a revocation of a will. This is shown with great elaboration, and with a citation and review of many authorities, by Mr. Justice Peckham in *Throckmorton* v. *Holt,* 180 U. S. 552. The same doctrine is held, with full discussion and without dissent, in *In re Kennedy,* 167 N. Y. 163. See also note to *Clark* v. *Turner,* 38 L. R. A. 433, 436, 442 ; 50 Neb. 290. In *Stevens* v. *Stevens,* 72 N. H. 360, it was decided that revocation of a will cannot be proved by declarations of the testator. There are many other cases of similar import. The declarations of a testator which are commonly received in proceedings for the probate of wills are expressions that tend to show his mental conditions and feelings, as bearing upon the probability that the instrument in question was the product of a sound mind, unaffected by undue influence. Declarations to prove a fact, like the formal execution of an instrument, stand upon a different ground, and come within the general rule applicable to hearsay

evidence. Instruments that may be executed and attested like wills fall within another rule, namely, that such writings must be proved if possible by the attesting witnesses. There are cases in our own State bearing directly upon this subject. In *Pickens* v. *Davis*, 134 Mass. 252, in which it was held that declarations of the testator might be received to show whether the cancellation of a will was intended to revoke a former will, the declarations related to an act by the testator which was ambiguous and doubtful, in reference to its effect upon the former will, and as this depended upon his intention, his declarations were held competent to show the intent with which the act was done. By the last sentence of the discussion on page 258, it is strongly implied " that the direct fact of revocation cannot be proved by such declarations." It is the law of this Commonwealth that, " when an instrument of revocation is in existence and capable of being propounded for probate, its validity should be tried by a direct proceeding instituted for the purpose in the Probate Court. *Laughton* v. *Atkins*, 1 Pick. 535." *Wallis* v. *Wallis*, 114 Mass. 510. If such an instrument has been " lost or destroyed, it cannot be admitted to probate without clear and satisfactory proof of its whole contents." *Davis* v. *Sigourney*, 8 Met. 487. It was decided in *Wallis* v. *Wallis*, *ubi supra*, that " if it can be proved that a later will was duly executed, attested and subscribed, and that it contained a clause expressly revoking all former wills, but evidence of the rest of its contents cannot be obtained, it is nevertheless a good revocation." But Chief Justice Gray added : " and it can be made available only by allowing it to be set up in opposition to the probate of the earlier will, in accordance with the practice established in the English Ecclesiastical Courts before the Declaration of Independence, and adopted by the courts exercising similar jurisdiction in New York and New Jersey." *Helyar* v. *Helyar*, 1 Lee, 472. *Nelson* v. *McGiffert*, 3 Barb. Ch. 158, 164. *Day* v. *Day*, 2 Green Ch. 549. This means that proof of its execution is to be made in the same way as if it were to be admitted to probate as a will. Indeed, under our statute it takes effect in the same way and under the same requirements as to execution as a will that directly disposes of property. In *Lane* v. *Moore*, 151 Mass. 87, 90, the competency of declarations of a donor, as bearing upon the validity of an

alleged gift, was discussed by Mr. Justice Charles Allen, and considered in connection with the law as to declarations relating to wills, and the court said that, "in all such cases, the evidence is received merely for the purpose of throwing light upon the state of mind of the person at the time in question, and not as tending to establish the truth of any facts which may have been stated by him." In all these cases it is assumed that execution of the instrument must be proved by the attesting witnesses, or by proof of their attestation as witnesses by the best evidence obtainable for that purpose. See also *Reid* v. *Borland*, 14 Mass. 208; *Stickney* v. *Hammond*, 138 Mass. 116; *Newell* v. *Homer*, 120 Mass. 277; *Sewall* v. *Robbins*, 139 Mass. 164.

We are of opinion that, under the R. L. c. 135, § 8, to show a revocation of a will by a writing, the proof that there is a " writing, signed, attested and subscribed in the same manner as a will," must be of the same kind and quality as would be required to establish the writing as a will, except that proof of its contents, beyond the fact that they are revocatory, need not be given. We think it plain that, apart from the statute, proof by the declarations of the testator would not be competent.

It remains to consider the effect of the R. L. c. 175, § 66, relative to the declarations of deceased persons as evidence. Does this statute change the law requiring proof of such an instrument by the attesting witnesses? It does not deal directly with the proof of written instruments, and in our opinion it does not affect the rule at common law that a witnessed instrument must be proved by the testimony of the subscribing witnesses, if they are living and within the reach of process; and if not, that the execution can be proved only by the best evidence. It is conceivable that all the witnesses to a will might be dead, and that it might be impossible to find any one who could testify to their signatures, or to the handwriting of the testator upon the will. In such a supposable case, could declarations of the testator to the particulars of the execution of the will, covering all the requirements of the statute, be received to establish it? If we assume, without deciding, that such declarations as to all the particulars of execution by himself and the witnesses might be received, this is far from showing that general declarations as to having made provision for his children are sufficient to show

the fact of execution of a will in the manner prescribed by law. The declarations relied on in the present case do not relate to any particulars of execution of an instrument; they do not in terms refer to a will at all. It is only by inference that they indicate the existence of any writing. If the declarations are held receivable under the statute, they are too general and indefinite to furnish proof of the execution of an instrument in the presence of three witnesses, each of whom subscribed in the testator's presence. Without deciding that declarations of a testator could in any case be competent and sufficient to show the proper execution of a will, or of a revocatory instrument executed in the same manner as a will, we think it plain that the declarations in this case did not warrant a verdict for the appellants.

The R. L. c. 175, § 70, relative to the proof of attested instruments is not applicable to wills.

The testimony of one of the sons of the testator that, many years before his father's death, he saw a sealed envelope, marked as containing the testator's will, and that he tore the envelope slightly in trying to open it, and that the envelope in which the will was produced by the petitioner was not torn, and was not the same that he saw previously, proves nothing material. The fair inference from it is that the testator, at some time, replaced the torn envelope with a sound one. The exception as to the third issue is overruled.

> *Verdict on the first issue set aside ; verdict on the third issue to stand.*