FRANCIS P. BRADY *vs.* MARGARET W. DOHERTY.

Worcester.    September 22, 1925. — October 23, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Will,* Validity. *Evidence,* Of state of mind, Competency, Materiality, Declaration of deceased person. *Practice, Civil,* Exceptions.

At the trial of an issue framed upon a petition for proof of an alleged will, whether the alleged will was procured to be made by the fraud or undue influence of three of four sisters of the alleged testator, who were his next of kin, it appeared that those three sisters were substantial beneficiaries under the will and were residuary legatees, and that the fourth sister, the respondent, was not mentioned in the will. The respondent alleged exceptions to the exclusion of certain evidence, and it was *held,* that

(1) No prejudicial error was committed in the exclusion of testimony to the effect that the testator said he was going to make another will and therein give all his property to his four sisters, even if it be assumed that the evidence was competent;

(2) No error was committed by the trial judge in instructing the jury, when he admitted evidence of statements made to the testator by the sisters of the contestant for the purpose of causing hostility and prejudice against her, that the evidence was competent only as bearing upon the mental condition of the testator, that is, whether it was a mind subject to undue influence;

(3) An exception to a ruling by the trial judge, excluding testimony offered by the respondent respecting what her mother, deceased, told her of a conversation between two of her sisters and the testate, where the judge stated that the evidence might be again offered if later it became competent, must be overruled where it appeared that the offer was not repeated;

(4) Exceptions by the respondent to rulings, excluding an offer to prove that the attitude of her sisters toward the testator was "nagging and domineering," and stating in substance that testimony as to what the witness observed or heard her sisters state to their brother would be competent, and striking out an answer, "Domineering," to a question, what the respondent observed to be her sisters' attitude toward her brother, were overruled.

At the trial of the issue above described, the trial judge, in admitting testimony by the respondent relating to declarations made by the alleged testator to her both before and after the execution of the will, in which declarations he related statements which were made to him by the sisters of the respondent and which had a tendency to cause hostility and ill feeling on his part toward the respondent, refused to allow the respondent to testify to the truth or falsity of such statements of her sisters, and ruled in substance and effect that the declarations so made

were not to be taken by the jury as evidence of the fact that the respondent's sisters had tried to influence him unduly, but only as tending to show his state of mind — whether it was a mind that was subject to undue influence. *Held,* that

(1) The limitation placed upon the evidence was sufficiently favorable to the respondent; following *Shailer* v. *Bumstead,* 99 Mass. 112;

(2) The provisions of G. L. c. 233, § 65, even if the conditions therein named were found to exist, did not make admissible the statements of the testator before his death at the trial of the issues relating to the validity of his will.

PETITION, filed in the Probate Court for the county of Worcester on October 16, 1923, for proof of the will of James W. Wixtead, late of Douglas.

It appeared that the next of kin of the decedent were his four sisters, Julia E. Wixtead, K. Helena Wixtead, Mary A. McBride, and the respondent, Margaret W. Doherty. All of them excepting the respondent were substantial beneficiaries under the alleged will and were residuary legatees.

Upon a motion by the respondent, Margaret W. Doherty, the issue described in the opinion was framed for trial in the Superior Court before a jury, and was there tried before *Broadhurst,* J. Material evidence and exceptions by the respondent to rulings upon evidence are described in the opinion. At the close of the evidence, the respondent asked for the following rulings, among others:

"9. As a matter of law, the statements of the testator, so far as they were made in good faith, of the testator's own knowledge, and before the suit was begun, are evidence of the facts stated.

"10. If the jury find that the testator told the contestant that her sisters K. Helena Wixtead, Julia E. Wixtead and Mary A. McBride, had made many statements to him of a derogatory nature concerning her (the respondent), had done and said everything they could to prejudice him against her (the respondent), had told him that she or her husband had caused the name of the beneficiary under a certain policy of insurance on the life of their mother to be changed by forging certain names to said policy so as to make it payable to her (the respondent), had so, [*sic*] such statements, so far as they were made in good faith, of the testator's own knowledge and

before the suit was begun, are evidence of the facts stated."

"12. If the jury find that K. Helena Wixtead, Julia E. Wixtead and Mary A. McBride, or any one of them were carrying for some years before the making of the will in question rumors or statements which they, or any of them, alleged were made by the contestant of a nature derogatory to the testator and of a character likely to cause him to become estranged from the testator, [*sic*] those are circumstances which the jury may consider upon the question of whether there was any fraud practiced or undue influence exercised upon the testator by said K. Helena Wixtead, Julia E. Wixtead, and Mary A. McBride, or any one of them."

The rulings were refused. The jury answered the issue in the negative. The respondent alleged exceptions.

*E. T. Doherty*, for the respondent.

*C. C. Milton*, (*G. A. White & F. L. Riley* with him,) for the petitioner.

CROSBY, J. This case is before us on exceptions taken in the Superior Court at the trial of a single issue to a jury framed on a petition for the allowance of the will of James W. Wixtead, deceased. The issue is as follows: "Was the instrument propounded for probate as the last will of said James W. Wixtead, procured to be made by the fraud or undue influence of K. Helena Wixtead, Julia E. Wixtead, and Mary A. McBride, or any of them exercised upon the said James W. Wixtead ?"

The will was executed January 3, 1912, and the testator died October 12, 1923, leaving as his heirs and next of kin four sisters, the three above mentioned and Margaret W. Doherty, the contestant. The exceptions mainly relate to the exclusion of evidence, the limitation of certain evidence offered by the contestant, and to the refusal by the trial judge to give certain requests for rulings.

The contestant's exception to the exclusion of testimony to the effect that the testator said he was going to make another will and therein give all his property to his four sisters cannot be sustained. If we assume the evidence was competent, the contestant was not harmed by the ruling.

There was no error in limiting evidence of statements to

the testator made by the sisters of the contestant for the purpose of causing hostility and prejudice against her. The trial judge ruled that the evidence was competent only as bearing upon the mental condition of the testator. The truth or falsity of the statements made by the sisters was rightly excluded. The charge upon this evidence was at least sufficiently favorable to the contestant.

The exclusion of testimony offered by the contestant, respecting what her mother (now deceased) told her of a conversation between her sisters Helena and Julia with the testator, was not error. When the evidence was excluded, the judge stated that it might be again offered if later it became competent. As the offer was not renewed, the exception must be overruled.

The offer to prove that the attitude of the sisters toward the testator "was nagging and domineering" was rightly excluded. The trial judge, in excluding the offer, stated in substance that testimony as to what the witness observed or heard her sisters state to their brother would be competent. She was then asked what she observed to be her sisters' attitude toward her brother. Her answer was "domineering." This answer, on request of the proponent of the will, was ordered stricken out and the contestant excepted. What the witness observed was admissible, but she could not characterize the conduct of her sisters. It was for the jury, upon testimony of what she saw and heard, to determine whether the conduct of the sisters was or was not domineering. No error is shown by the action of the trial judge in excluding the answer.

Many exceptions were taken to rulings limiting the testimony of the contestant as to the scope and effect of declarations made by the testator to her both before and after the execution of the will; this evidence related to statements of the contestant's sisters to the testator, that had a tendency to cause hostility and ill feeling on his part toward her. The contestant offered to prove that the statements were in fact false and were not made in any form of words by her. The trial judge refused to allow her to testify to the truth or falsity of such statements, and ruled in sub-

stance and effect that the declarations so made were not to be taken by the jury as evidence of the fact that the contestant's sisters had tried unduly to influence him, but only as tending to show his state of mind — whether it was a mind that was subject to undue influence. At common law the limitation placed upon the evidence by the trial judge was correct; it was in conformity with the rule stated in the leading case of *Shailer* v. *Bumstead,* 99 Mass. 112, and many later decisions of this court. In *Shailer* v. *Bumstead* it was said by Colt, J. at pages 120, 122, 126: "So it is uniformly held that the previous declarations of the testator, offered to prove the mental facts involved, are competent . . . . Statements and declarations, when the state of the mind is the fact to be shown, are therefore received as mental acts or conduct. The truth or falsity of the statement is of no consequence. As a narration, it is not received as evidence of the fact stated. It is only to be used as showing what manner of man he is who makes it . . . . It is difficult to say that declarations offered to establish mental facts of this description are of equal weight, whether occurring before or after the act in question. But, if they are equally significant . . . they are equally competent, and may be quite as influential with the jury. . . . All this evidence, under whatever view it is admitted, is competent only and always to establish the influence and effect of the external acts upon the testator himself; never to prove the actual fact of fraud or improper influence in another." *Hagar* v. *Norton,* 188 Mass. 47, 52. *Aldrich* v. *Aldrich,* 215 Mass. 164. *Emery* v. *Emery,* 222 Mass. 439. *Neill* v. *Brackett,* 234 Mass. 367; *S. C.* 241 Mass. 534, 537. The limitation upon the testimony of the contestant respecting declarations and statements made by the testator was sufficiently favorable to her within the rule stated in *Shailer* v. *Bumstead, supra,* and other cases where that rule has been subsequently applied.

It is the contention of the contestant that if the statements and declarations of the testator were not admissible at common law, they are made so by G. L. c. 233, § 65. Whether that statute is applicable to declarations of a testator where the issue of the validity of his will is involved is an open

question in this Commonwealth. It is manifest the rulings were not made on the ground that the judge failed to find that the conditions named in the statute existed, but for the reason that he did not deem it to be applicable. It has been held generally that in actions at law and suits in equity declarations of a deceased person, formerly excluded as hearsay, are admissible under the statute. It applies to written as well as verbal declarations. *O'Driscoll* v. *Lynn & Boston Railroad,* 180 Mass. 187. It applies to proceedings under the workman's compensation act. *Pigeon's Case,* 216 Mass. 51. In the last named case it was said at page 56: " 'Action' is here used in its comprehensive sense as meaning the pursuit of a right in a tribunal of justice without regard to the form of procedure."

In *Bodfish* v. *Cross,* 235 Mass. 428, which involved the validity of a will, no question was raised respecting the applicability of the statute. The declaration there offered was excluded on the ground that the trial judge did not find that it was made in good faith. By the great weight of authority under statutes similar to ours relating to the proof of wills, declarations made by a testator are not admissible as evidence in favor of or against the validity of a will, except that, where testamentary capacity is involved, and where questions of undue influence are the subject of inquiry, such declarations are admitted, not as proof of the truth of the statements declared, but only for the purpose of showing what in fact was the mental capacity of the testator at the time the instrument in question was executed. *Shailer* v. *Bumstead, supra. May* v. *Bradlee,* 127 Mass. 414. *Lane* v. *Moore,* 151 Mass. 87. *Neill* v. *Brackett,* 241 Mass. 534. *Throckmorton* v. *Holt,* 180 U. S. 552, and cases cited. *In re Kennedy,* 167 N. Y. 163. *Stevens* v. *Stevens,* 72 N. H. 360. See also note to *Clark* v. *Turner,* 38 L. R. A. 433.

It was said by Chief Justice Knowlton in *Giles* v. *Giles,* 204 Mass. 383, at page 386: "The declarations of a testator which are commonly received in proceedings for the probate of wills are expressions that tend to show his mental conditions and feelings, as bearing upon the probability that the instrument in question was the product of a sound mind,

unaffected by undue influence. Declarations to prove a fact, like the formal execution of an instrument, stand upon a different ground, and come within the general rule applicable to hearsay evidence." In referring to the statute .(R. L. c. 175, § 66, now G. L. c. 233, § 65) he said at 388, 389: "It does not deal directly with the proof of written instruments, and in our opinion it does not affect the rule at common law that a witnessed instrument must be proved by the testimony of the subscribing witnesses, if they are living and within the reach of process; and if not, that the execution can be proved only by the best evidence. . . . Without deciding that declarations of a testator could in any case be competent and sufficient to show the proper execution of a will . . . we think it plain that the declarations in this case did not warrant a verdict for the appellants." It is apparent from what was said in *Giles* v. *Giles, supra,* that it was doubtful whether the statute applied to a proceeding involving the proof of a will.

After careful consideration of the subject, we conclude that in such cases the statute is not applicable. It deals with a rule of evidence. It does not expressly refer to proceedings relating to the proof of wills, and there is nothing in the language used to show that the Legislature by making it applicable to "actions" intended to include issues framed by the Probate Court in a will case. The statute in terms does not refer to declarations of this kind because they were always admissible for a limited purpose.

It follows that the various rulings limiting the evidence of declarations made by the testator before and after the execution of the will to their effect upon his mental condition, and the parts of the charge to the same effect, were correct.

Only the ninth, tenth and eleventh requests are argued but as all of them are predicated on the theory that the statute is applicable, it is plain from what has been said that they were rightly denied. We have examined all the exceptions that have been argued and find no reversible error.

*Exceptions overruled.*