Michael P. Moran *et al. vs.* Alice H. Moran.

MAY 27, 1932.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an appeal from an order of the Probate Court of the City of Pawtucket admitting to probate the will of Thomas J. Moran. The appeal was tried before a jury in the Superior Court and a verdict sustaining the will was returned. The trial justice denied a motion for a new trial and the case is in this court on the appellants' exceptions (1) to the refusal of the trial justice to grant a new trial; (2) to exceptions to rulings on the admissibility of testimony and (3) to alleged prejudicial remarks of the trial justice made during the course of the trial.

The appellants are sisters and nephews of the testator and the appellee is his widow and sole beneficiary under his will which the appellants contest on the ground of undue influence.

The testator came to this country when a young boy and at an early age went to work. While employed as a clerk in a shoe store he married the appellee Alice H. Moran. There was no issue of the marriage. With a partner he started a shoe store in Pawtucket. The business prospered and was afterwards incorporated under the name of Model Shoe Company with stores in Pawtucket, Providence, Fall River and Woonsocket.

The testator appears to have been a man of unusual business ability. This fact is attested not only by his extraordinary success in a highly competitive field but by his business associates and those with whom he dealt and also by one of the appellants. His estate at the time of his death was appraised at more than $500,000. His will was made in 1923 and his testamentary capacity at that time is beyond question. The record reveals him as a keen business man, of

strong will and of sound judgment. The only evidence offered by the appellants having a direct bearing on the question of undue influence on the part of his wife was that given by the nephew, Michael P. Moran, who testified that the testator showed him his will shortly after it was made and said it was not his will but he had to make it to keep peace at home. This, and some testimony that the appellee influenced the testator to neglect his relatives, that he said he intended to provide for them and that his home life was not pleasant, was practically all the testimony, except that excluded by rulings of the trial justice, which was offered by the appellants in support of their contention of undue influence. As against this evidence business and social friends testified as to the cordial relations existing between testator and his wife. The appellee denied that she influenced her husband in the making of his will or that she was the cause of any estrangement between him and his relatives. She testified that the testator seldom spoke of his relatives, except his nephew Michael, who at various times was employed in one of the stores and with whom for business reasons he was not on friendly terms for several years before his death.

The fact that the testator had the will in his possession for several years after it was made and did not destroy or change it weighs very heavily against the claim of undue influence. *Saxson* v. *Krumm*, 107 Md. 383; *Kaul* v. *Brown*, 17 R. I. 14.

There was ample evidence to support the verdict of the jury and it was not error on the part of the trial justice to deny the motion for a new trial.

Many exceptions were taken to rulings excluding testimony as to certain acts of the testator and statements made by him later than four years after the execution of his will. These exceptions raise a question which has not heretofore been passed upon by this court. The trial justice ruled that no acts of the testator or statements made by him if the same did not relate directly to his will would be admitted

unless such testimony related to a period within four years after the execution of said will. The appellants offered testimony as to statements made by the testator more than four years after the making of his will to the effect that his home life was not pleasant; that he was going to change his will and also testimony that in his last sickness his relatives were not allowed to see him.

As undue influence can seldom be proved by direct testimony a wide latitude is permitted in the introduction of indirect evidence. That the trial may not be unduly prolonged by the introduction of testimony of slight evidential value or the issue confused by matters having little or no direct bearing thereon, a limit may properly be placed on the admission of testimony such as was offered by the appellants. The facts and circumstances of each case differ so widely that no general rule is possible. Therefore, the limit that will be placed on the admission of testimony of this character must rest largely in the discretion of the trial justice, subject to review in the case of abuse as in other discretionary matters. *Lane* v. *Moore,* 151 Mass. 87; *Howes* v. *Colburn,* 165 Mass. 385; *McCoy* v. *Jordan,* 184 Mass. 575; *Aldrich* v. *Aldrich,* 215 Mass. 164.

It appears in evidence that the testator about four years after the execution of his will started on a course of dissipation which he persistently followed and which eventually led to his death. Statements made by him about his home life and his attitude towards his wife made to his chauffeur during this period have no probative weight on the question of undue influence alleged to have been exerted four years previously when, in the full possession of his faculties, he made his will, and they were properly excluded.

Exceptions were taken to the admission of testimony of the testator's attending physician as to statements made by the former with respect to his will about a month before his death. In support of these exceptions it is urged that the admission of testimony was inconsistent with the ruling of the trial justice excluding the testimony as to statements

made by the testator offered by the appellants. The ruling was that statements made by the testator which related to his will whenever made would be admitted. It was only statements having no direct relation to his will, which were made four years after its execution, that were excluded. This ruling became the law of the case and the appellants took advantage of it when they introduced testimony, which was admitted because reference was made to the will, that the testator said he intended to make a new will. The testimony to which exception was taken was clearly admissible under said ruling.

Exceptions were taken to remarks of the trial justice during the course of the trial on the ground that they were prejudicial to the appellants. Certain testimony was offered by the appellee which was objected to by counsel for the appellants. The court ruled that the testimony was admissible and to this ruling exception was taken.

After making this ruling on the admissibility of the testimony and giving a valid reason therefor, it was ill-advised on the part of the court to indulge in remarks which in effect took counsel to task for making the objection. The remarks of the court were unfortunate but as he explained to the jury that their purpose was to expedite the trial and not have it prolonged by so many groundless objections and that his remarks were made to apply to counsel for both parties, we do not think that the remarks complained of were so prejudicial as to warrant a reversal on this ground.

The appellants' other exceptions have been considered and found to be without merit.

All of the exceptions are overruled and the case is remitted to the Superior Court for further proceedings following the verdict.

*Edward F. McElroy, Peter W. McKiernan, John C. Going,* for appellants.

*Fred A. Otis, James C. Collins,* for appellee.